Kelly J. Garrone
**McCarter & English, LLP**
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, New York 10019
Tel. (212) 609-6800
Kgarrone@mccarter.com

Jeffrey T. Norberg
**NEAL & McDevitt, LLC**
1776 Ash Street
Northfield, Illinois 60093
Telephone:    (847) 441-9100
jnorberg@nealmcdevitt.com
(*pro hac vice*)

Attorneys for Plaintiff
Rio Grande Games, Inc.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  MAR 22 2018  ★

BROOKLYN OFFICE

| | |
|---|---|
| RIO GRANDE GAMES, INC.,<br>a New Mexico Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PASTEL ENTERPRISES, INC., a New Jersey<br>Corporation, PASTEL ENTERPRISES, LLC,<br>a New Jersey Limited Liability Company,<br>MOSES GROSSMAN, an individual<br>JOOBER INCORPORATED, a New York<br>Corporation, ADAM JOEL OBERLANDER<br>an Individual, BATTERY GIANT, LLC<br>a New York Limited Liability Company, and<br>KEILE BENEDIKT, an individual<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.:
1:18-cv-00409-AMD-VMS


[PROPOSED] ORDER GRANTING
PRELIMINARY INJUNCTION

This matter comes before the Court upon application of Plaintiff Rio Grande Games, Inc.

("Plaintiff"), by way of a Motion for Preliminary Injunction, against defendants Pastel

Enterprises, LLC and Moses Grossman (collectively, "Pastel Enterprises") for the relief sought

in the Complaint.  Based on the Complaint, the declarations and memoranda filed by counsel, and on proof of the service on defendants of such papers having been filed with the Clerk, and the arguments by counsel at the time of the hearing on March 15, 2018, and finding good cause therefor and that notice and service were proper,

IT IS on this _____ day of _____, 2018, HEREBY ORDERED AS FOLLOWS:

1.     Plaintiff has made the showing necessary for the issuance of a preliminary injunction, to wit that:

(a) Plaintiff is likely to succeed in showing that Pastel Enterprises used counterfeits of one or more of Plaintiff's trademarks, including Plaintiff's DOMINION trademark, registered in the United States Patent and Trademark Office, in connection with the sale, offering for sale, and/or distribution of the Dominion Second Edition game within the United States;

(b) The sales of such games bearing a counterfeit of said DOMINION trademark will result in an immediate and irreparable injury to Plaintiff if a preliminary injunction is not ordered;

(c) The issuance of a preliminary injunction is further justified upon considering the balance of hardships between the parties, together with the interests of the public at large;

(d) Pastel Enterprises, or other persons acting in concert with Pastel Enterprises, may destroy, move, hide, or otherwise make the goods bearing a counterfeit of the DOMINION trademark inaccessible to the Court in the absence of an injunction; and

(e) The harm to Plaintiff of denying the requested preliminary injunction order outweighs the harm to Pastel Enterprises' legitimate business interests;

2.     Pastel Enterprises, including their officers, agents, representatives, servants, employees, and all other persons or entities acting in concert or participation with them, are

hereby preliminarily enjoined, pending a final determination of this action, from:

(a) using the DOMINION trademark, or any reproduction, counterfeit, copy, or colorable imitation of said marks in connection with the importation, sale, offer for sale, or distribution of any products that are not authentic;

(b) using the DOMINION trademark, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Pastel Enterprises' products are connected with Plaintiff or are genuine Rio Grande Games products;

(c) making any false or misleading statements regarding Plaintiff or its products, or the relationship between Plaintiff and Pastel Enterprises;

(d) committing any other acts calculated to cause consumers to believe that Pastel Enterprises' products are genuine Rio Grande Games products;

(e) shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving, disposing of, or destroying in any manner any product bearing the DOMINION trademark, or any reproduction, counterfeit, copy, or colorable imitation of the same, and any and all discoverable materials, including all hard copy and electronically stored business information that relates in any way to Pastel Enterprises' conduct alleged in the Complaint, including any and all documents and things that relate to the manufacture, importation acquisition, advertisement, purchase, distribution, or sale of goods bearing the DOMINION trademark or any reproduction, counterfeit, or imitation thereof;

(f) spending, transferring, moving or otherwise depleting any funds obtained from Pastel Enterprises' counterfeiting activities;

(g) Otherwise competing unfairly with Plaintiff in any manner;

(h) Continuing to perform in any manner whatsoever any act deemed contrary to law by this Court; and

(i) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through h.

IT IS FURTHER ORDERED THAT PASTEL ENTERPRISES:

1.      Shall immediately sequester and deliver up to Plaintiff's counsel for impoundment, pursuant to this Court Order all items or things bearing counterfeits of the DOMINION trademark remaining in their possession, custody or control;

2.      Shall, upon request of Plaintiff and at a time mutually agreed upon by Plaintiff and Pastel Enterprises but in no event later than seven (7) days' after Plaintiff's request, allow Plaintiff, or any of its agents or representatives, to inspect Pastel Enterprises' places of business located at 4 Hummingbird Court, Howell, NJ; 216 River Ave., Lakewood, NJ; 106 Apple Street, #206, Tinton Falls, NJ; 2 Alpine Court, Spring Valley, NY; 500 Beach Road, West Haverstraw, NY; and 3611 14th Ave., Suites 15 and 16, Brooklyn, NY.  Plaintiff's inspection of these premises shall be made solely for the purpose of searching for counterfeit copies of the Dominion game, and any records of Pastel Enterprises' importation, sales, and/or distribution of counterfeit Dominion games.  During the inspection(s), Plaintiff may open boxes, files, filing cabinets, desks, closets, storage rooms, and/or any other storage devices or areas, but may not remove any items from the premises.  Plaintiff shall also be allowed to take photographs, and make copies of any records.  Defendants and Defendants' counsel may be present for any inspection.

3.      Shall engage in expedited discovery with Plaintiff.

IT IS FURTHER ORDERED THAT:

1)      Good cause having been shown, deposition, written, and third-party discovery by any party herein may begin immediately.

4

2)      This Order shall continue in effect during the litigation unless modified by this Court or upon notice and motion of any party and for good cause shown.

3)      Pastel Enterprises shall file with this Court and shall serve upon counsel for Plaintiff a written report under oath demonstrating compliance with this Order within twenty (20) days of service of this Order.

s/Ann M. Donnelly

DATED:                                    Hon. Ann M. Donnelly, U.S.D.J.