Kelly J. Garrone
**McCarter & English, LLP**
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, New York 10019
Tel. (212) 609-6800
Kgarrone@mccarter.com

Jeffrey T. Norberg
**NEAL & McDevitt, LLC**
1776 Ash Street
Northfield, Illinois 60093
Telephone:     (847) 441-9100
jnorberg@nealmcdevitt.com
(*pro hac vice*)

Attorneys for Plaintiff
Rio Grande Games, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIO GRANDE GAMES, INC., ) <br> a New Mexico Corporation, ) <br>  ) <br>  Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> PASTEL ENTERPRISES, LLC, ) <br> a New Jersey Limited Liability Company, ) <br> CHINAASSURED, LLC, a New Jersey Limited ) <br> Liability Company, MOSES GROSSMAN, ) <br> an individual, PASTEL COMPANIES, INC., ) <br> a New Jersey Company, BATTERY GIANT, LLC ) <br> a New York Limited Liability Company, and ) <br> KEILE BENEDIKT, an individual ) <br>  ) <br>  Defendants. ) | CIVIL ACTION NO.: <br> 1:18-cv-00409-AMD-VMS |

## **SECOND AMENDED COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION, AND JURY DEMAND**

Pursuant to Fed. R. Civ. P. 15(a)(2) and the Court's December 3, 2018 order (Docket No. 65), Plaintiff, Rio Grande Games, Inc. (hereinafter "Plaintiff" or "RGG"), hereby amends its complaint against Pastel Enterprises, LLC, Pastel Companies, Inc., Chinaassured, LLC, Moses Grossman, Battery Giant, LLC, and Keile Benedikt (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to put an end to the manufacture, sale and distribution of counterfeit copies of Plaintiff's successful Dominion Second Edition game. Over the past several months, Plaintiff has ordered and received counterfeit copies of the Dominion Second Edition game, which were either sold or supplied by the Defendants. Plaintiff therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, trademark counterfeiting, and deceptive trade practices under the Lanham Act, Title 15, United States Code § 1051, *et seq*., federal copyright infringement, and the statutes and common laws of the state of New York.

## PARTIES

2. Plaintiff is a corporation duly organized and existing under the laws of the State of New Mexico and located at 18 Santa Ana Loop, Placitas, NM 87043.

3. Plaintiff is the publisher of the popular Dominion series of games, and is the owner of the DOMINION trademark for use in connection with, among other things, games.

4. According to the New Jersey Secretary of State, Defendant Pastel Enterprises, LLC is a New Jersey Limited Liability Company operating at 216 River Ave., Lakewood, NJ 08701. According to Pastel Enterprises, LLC's website (http://pastelenterprise.com/aboutus/), Pastel

Enterprises, LLC's headquarters is located at 3611 14th Ave, Suites 15 and 16, Brooklyn, NY 11218.

5. According to the New Jersey Secretary of State, Defendant Pastel Companies, Inc. is a New Jersey corporation operating at 4 Hummingbird Court, Howell, New Jersey 07731

6. According to the New Jersey Secretary of State, Defendant Chinaassured, LLC is a New Jersey Limited Liability Company operating at 216 River Ave., Lakewood, NJ 08701.

7. On information and belief, Defendant Moses Grossman is an individual resident of the state of New Jersey, and an officer of Defendants Pastel Enterprises, LLC, Pastel Companies, Inc., and Chinaassured, LLC. On information and belief, Defendant Grossman directed the counterfeiting activities of these three entities as described herein.

8. According to the New York Secretary of State, Defendant Battery Giant, LLC is a New York Limited Liability Company located at 577 Route 17M, Monroe, NY 10950. On information and belief, Defendant Battery Giant, LLC operates an Amazon.com Marketplace virtual store under the name "Biggest Giant."

9. On information and belief, Defendant Keile Benedikt is an individual resident of New York and an officer of Defendant Battery Giant, LLC. On information and belief, Defendant Benedikt directed the counterfeiting activities of Defendant Battery Giant, LLC as described herein.

## **JURISDICTION AND VENUE**

10. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq*., and the U.S. Copyright Act, 17 U.S.C. §101, *et. seq*., subject matter being conferred on

this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendants because Defendants transact business within the Eastern District of New York and have sufficient minimum contacts with the State of New York.

12. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c). Defendants market and offer their products in interstate commerce and within the Eastern District of New York and use the DOMINION trademark to do so.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Dominion Game

13. Plaintiff's Dominion game is a medieval themed card game. The game is played by two to four players who compete to build the most valuable deck by playing various types of cards, such as "action," "treasure," "curse," and "victory" cards. Each of these cards features artwork and text unique to the Dominion game.

14. Originally released in 2008, the Dominion game garnered numerous prestigious gaming awards, including the 2009 Mensa MindGame competition and the prestigious 2009 Spiel des Jahres and Deutcher Spiele Preis awards. Since then, RGG has published numerous versions and expansions of the game, including the Dominion Second Edition game that is at issue in this litigation. To date, more than 2.5 million copies of the Dominion game have been sold.

15. Plaintiff selected, coordinated and compiled a number of works to create the Dominion game, including Dominion Second Edition, and owns the copyright in said compilation. The

United States Copyright Office has issued Plaintiff a copyright registration in the Dominion Second Edition game, Registration No. TX0008437776.

16. Plaintiff manufactures all English language versions of the Dominion Second Edition game in the United States. The contents of the Dominion Second Edition game consist of several decks of cards for playing the game, a molded plastic organizing tray, a paper insert that fits into the organizing tray, a set of printed rules, and a "trash mat" for discarding inactive cards.

17. The Dominion game is sold throughout the United States via a number of retail outlets, including independent gaming shops, larger chain retailers, and online retailers such as Amazon.com. The manufacturer's suggested retail price of Dominion Second Edition is $44.95.

18. Plaintiff has expended substantial effort and money in promoting, marketing and selling the Dominion game. Plaintiff undertakes to ensure that the Dominion games are manufactured to a high standard, using high quality card stock, box materials and plastic trays that are designed to last. As a result of Plaintiff's efforts, and the widespread popularity and success of the Dominion game, Plaintiff owns common law trademark rights in the DOMINION brand, and has been issued two trademark registrations for DOMINION, namely United States Trademark Registration Nos. 4,391,795 in International Class 28 and 4,337,660 in International Classes 9 and 41 (collectively, the "DOMINION Mark").

**Defendants' Infringing Acts**

19. On information and belief, Defendants Benedikt and Battery Giant, LLC operate a virtual store on the Amazon.com Marketplace under the name "Biggest Giant."

20. In November, 2017, Plaintiff purchased a copy of Dominion Second Edition from Biggest Giant via Amazon.com. Plaintiff received a copy of the game shortly thereafter.

21. The Dominion Second Edition game that Plaintiff received as a result of its order from Biggest Giant was counterfeit. As discussed above, Plaintiff makes substantial efforts to ensure the high quality of its games, and manufactures them at a single location in the United States. The game received after ordering from Biggest Giant was inferior in quality to authentic versions of Dominion Second Edition in a number of ways. For example, authentic versions of Dominion Second Edition are packaged in a box containing original artwork printed on linen finish box material, include cards made of sturdy card stock, and include a hard plastic tray designed to assist players in organizing cards during game play. The counterfeit version of Dominion Second Edition received by Plaintiff bears an unauthorized copy of the DOMINION Mark, is packaged in a box containing a copy of the same original artwork printed on glossy paper, includes copies of the same cards printed on much more flexible, lower quality card stock, and includes a lower quality, often damaged, plastic insert that is more likely to break during use.

22. In December of 2017, Plaintiff received a consumer complaint through its website regarding the quality of a Dominion Second Edition game. The complaining consumer informed Plaintiff that he had purchased this game from Amazon.com. Plaintiff sent the consumer a replacement copy of Dominion Second Edition, and the consumer sent the copy he purchased from Amazon.com to Plaintiff. Upon receipt of the copy of Dominion Second Edition supplied by the consumer, Plaintiff confirmed that the returned game was a counterfeit.

23. On information and belief, the copy of the Dominion Second Edition game returned by the consumer described in the previous paragraph was sold by Amazon.com out of comingled Amazon.com inventory.

24.     On information and belief, Defendants Grossman, Pastel Enterprises, LLC, and Chinaassured, LLC supplied the counterfeit Dominion Second Edition games sold by the Biggest Giant Amazon.com Marketplace Store and the Amazon.com comingled inventory.  On information and belief, Defendants Grossman, Pastel Enterprises, LLC, Pastel Companies, Inc., and Pastel Enterprises, Inc. have engaged in a regular pattern and practice of distributing counterfeits of successful games, including but not limited to games published, manufactured and/or distributed by companies other than Plaintiff such as Asmodee North America.

25.     As a result of the Defendants' manufacture, distribution and sale of counterfeit Dominion Second Edition games, Plaintiff has suffered damage to its reputation as a provider of high quality games, and Plaintiff and its distributors have suffered a substantial decline in sales of authentic Dominion Second Edition games.

## **COUNT I**

### **Violations of Section 32(1) of the Lanham Act – Trademark Infringement**

26.     RGG repeats and re-alleges the allegations of paragraphs 1 through 25 as if fully set forth herein.

27.     Defendants' use of the DOMINION Mark is likely to cause public confusion, mistake, or deception as to the origin or source of Defendants' products, in violation of the Lanham Act, 15 U.S.C. §1114(1).

28.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' products, to injure RGG, and/or to reap the benefit of RGG's goodwill associated with the DOMINION Mark.

29. Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

30. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

31. Plaintiff has no adequate remedy at law.

32. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT II

### Violation of Section 43(a) of the Lanham Act – Unfair Competition

33. RGG repeats and re-alleges the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Defendants' manufacture, promotion, advertising, distribution, marketing, sale, and/or offering for sale of counterfeit DOMINION Second Edition games is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendants' products, and is intended, and is likely, to cause such parties to believe, in error, that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by RGG, or that Defendants are in some way affiliated with RGG, which they are not.

35. Defendants' use of the DOMINION Mark constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

36. Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

37. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

38. Plaintiff has no adequate remedy at law.

39. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT III

### Violation of Section 1114 of the Lanham Act – Trademark Counterfeiting

40. RGG repeats and re-alleges the allegations of paragraphs 1 through 39 as if fully set forth herein.

41. RGG owns the exclusive rights in the DOMINION Mark.

42. Defendants have knowledge of RGG's exclusive rights to the DOMINION Mark.

43. Without RGG's authorization or consent, Defendants reproduced unauthorized versions of the DOMINION Mark in connection with Defendants' manufacture, promotion, distribution, and sale of counterfeit copies of the Dominion Second Edition game.

44. Defendants manufacture, promotion, distribution and sale of counterfeit copies of the Dominion Second Edition game caused consumers to believe that they were purchasing authentic versions of Dominion Second Edition.

45. As a result, Defendants engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

46. Defendants' use of RGG's registered DOMINION Mark in connection with products identical to Plaintiff's products is likely to cause and is causing confusion, mistake, and deception among consumers as to the origin of the counterfeit Dominion Second Edition games, and is likely to deceive the public into believing the games being offered and advertised by Defendants originate from, are associated with, or are otherwise authorized by RGG, all to the damage and detriment of RGG's reputation and goodwill.

47. Defendants' acts have occurred in interstate commerce and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to RGG, for which RGG has no adequate remedy at law.

48. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT IV

**Deceptive Acts and Practices Under New York General Business Law §§ 349 and 350**

49. RGG repeats and re-alleges the allegations of paragraphs 1 through 48 as if fully set forth herein.

50. New York General Business Law §349 declares unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state . . ."

51. New York General Business Law §350 declares unlawful "false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . ."

52. RGG enjoys well-established common law rights in and to the DOMINION Mark in the state of New York, which is superior to any rights that Defendants may claim, and has built significant goodwill in same.

53. RGG's DOMINION Mark is inherently distinctive.

54. RGG first adopted and used the DOMINION Mark in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods offered by RGG and to distinguish them from similar goods offered by others. As a result, Plaintiff's DOMINION Mark has acquired secondary meaning.

55. Defendants have used, in connection with the sale of their products, a term or name that is identical or confusingly similar to Plaintiff's DOMINION Mark and which is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection or association of Defendants' products in that consumers thereof are likely to associate or have associated such products as originating with Plaintiff, all to the detriment of Plaintiff.

56. Through the advertisement, offer to sell and/or sale of Defendants' products under the DOMINION Mark, Defendants have engaged in consumer-oriented conduct that has directly and/or indirectly affected the public interest of New York and has resulted in injury to consumers of New York.

57. Defendants' acts as complained of herein are materially misleading to a substantial portion of the consuming public and have deceived and/or are likely to deceive a material segment of the consuming public to whom Defendants have directed Defendants' products and such acts have cause injury to Plaintiff.

58. Through the acts complained of herein, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and the furnishing of Defendants' products in violation of Section 349 and 350 of the New York General Business Law.

59. Plaintiff has no adequate remedy at law.

60. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## COUNT V

### Trademark Infringement and Unfair Competition Under New York State Common Law

61. RGG repeats and re-alleges the allegations of paragraphs 1 through 60 as if fully set forth herein.

62. RGG enjoys well-established common law rights in and to the DOMINION Mark in the state of New York, which are superior to any rights that Defendants may claim, and has built significant goodwill in same.

63. The DOMINION Mark is inherently distinctive.

64. RGG first adopted and used the DOMINION Mark in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods offered by RGG and to distinguish them from similar goods offered by others. As a result, Plaintiff's DOMINION Mark has acquired secondary meaning.

65. Defendants used, in connection with the sale of its goods, a name that is identical to Plaintiff's DOMINION Mark and which is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection or association of Defendants' products in that

consumers thereof are likely to associate or have associated such products as originating with Plaintiff, all to the detriment of Plaintiff.

66. Defendants' acts complained of herein constitute unfair competition under the laws of the state of New York.

67. Defendants have been unjustly enriched and have damaged RGG's business, reputation, and goodwill.

68. Upon information and belief, Defendants' conduct is intentional, with knowledge, and in bad faith, entitling Plaintiff to increased damages and attorneys' fees.

69. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

70. Plaintiff has no adequate remedy at law.

71. RGG has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## COUNT VI

### Federal Copyright Infringement

72. RGG repeats and re-alleges the allegations of paragraphs 1 through 71 as if fully set forth herein.

73. RGG is the owner of the copyright for the compilation work Dominion Second Edition, and owns a United States Copyright Registration in same.

74. Upon information and belief, Defendants had access to Plaintiff's protected Dominion Second Edition work.

75. Upon information and belief, Defendants willfully and intentionally distributed and sold counterfeit versions of Plaintiff's Dominion Second Edition work via Amazon.com.

76. Defendants' acts complained of herein constitute copyright infringement under 17 U.S.C. § 501 *et seq.*

77. Defendants have been unjustly enriched and have damaged RGG's business, reputation, and goodwill.

78. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

79. Plaintiff has no adequate remedy at law.

80. RGG has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and grant the following relief:

A. Find that Defendants willfully violated Sections 32(1), 43(a), 43(c), and 1114 of the Lanham Act, 15 U.S.C. §1051 *et seq.*;

B. Find that Defendants committed willful acts of unfair competition, and deceptive acts and practices in violation of Sections 349 and 350 of the New York General Business Law;

C. Find Defendants liable for acts of trademark infringement and unfair competition in violation of New York State common law;

D. Find Defendants liable for willful copyright infringement under 17 U.S.C. § 501 *et seq.* and award all available relief under the Copyright Act;

E. Preliminarily and permanently enjoin Defendants as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Defendants, from use of the DOMINION Mark, any other colorable imitation of the DOMINION Mark or any confusingly similar mark, in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

F. Pursuant to 15 U.S.C. § 1118, order Defendants to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in custody or under the control of Defendants that bear any of the DOMINION Mark or any other mark that is likely to be confused with the DOMINION Mark;

G. That Defendants be required to supply Plaintiff with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing any of the DOMINION Mark or any other mark likely to be confused with the DOMINION Mark, or products not authorized by Plaintiff to be sold in connection with said mark.

H. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

I. Order an award of three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

J. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

K. Pursuant to 15 U.S.C. §1116, order Defendants to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

L. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117; and

M. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

Dated: December 6, 2018               Respectfully submitted,

**NEAL & MCDEVITT, LLC**

By: /s/ Jeffrey T. Norberg
Jeffrey T. Norberg

Jeffrey T. Norberg
Illinois Bar No. 6315012
1776 Ash Street
Northfield, Illinois 60093
Telephone:    (847) 441-9100
Facsimile:    (847) 441-0911
jnorberg@nealmcdevitt.com
(*pro hac vice*)

Kelly Garrone
McCarter & English
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, New York 10019
Tel. (212) 609-6800
Kgarrone@mccarter.com

*Attorneys for Plaintiff*
*Rio Grande Games, Inc.*

## Certificate of Service

I hereby certify that on December 6, 2018, the **SECOND AMENDED COMPLAINT** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

| | |
|---|---|
| Aaron Haleva (via ECF)<br>(*representing defendants Joober, Inc. and Adam Joel Oberlander*) | Kyle Seiss<br>Cohen, Labarbera and Landrigan, LLP<br>40 Matthews<br>Goshen, NY 10924<br>(*representing Battery Giant, LLC and Keile Benedikt*). |
| Avrom R. Vann, Esq.<br>Avrom R. Vann, P.C.<br>1211 Avenue of the Americas<br>40th Floor<br>New York, New York 10036-8718<br>(*representing defendant Moses Grossman*) | Pastel Enterprises, LLC<br>4 Hummingbird Court<br>Howell, NJ 07731<br><br>China Assured, LLC<br>4 Hummingbird Court<br>Howell, NJ 07731 |

Dated:  December 6, 2018        By  ___/s/ Jeffrey T. Norberg_____
      Jeffrey Norberg
      NEAL & McDEVITT, LLC