Aaron S. Haleva
**SCHWABE, WILLIAMSON & WYATT, P.C.**
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.292.1331
EMAIL: AHaleva@schwabe.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIO GRANDE GAMES, INC., a New Mexico Corporation, <br><br> Plaintiff, <br><br> v. <br><br> PASTEL ENTERPRISES, LLC, a New Jersey Limited Liability Company, CHINASSURED, LLC, a New Jersey Limited Liability Company, MOSES GROSSMAN, an individual, JOOBER INCORPORATED, a New York Corporation, ADAM JOEL OBERLANDER, an individual, BATTERY GIANT, LLC, New York Limited Liability Company, and KEILE BENEDIKT, an individual, <br><br> Defendants. | Case No. 1:18-cv-00409-AMD-VMS |

**DEFENDANT JOOBER INC. AND ADAM JOEL OBERLANDER'S THIRD AMENDED ANSWER TO AMENDED COMPLAINT, WITH AMENDED CROSS-CLAIMS AGAINST DEFENDANTS PASTEL ENTERPRISES, LLC, CHINA ASSURED, LLC, MOSES GROSSMAN, AND PASTEL COMPANIES, INC.**

COME NOW Defendants Joober Incorporated ("Joober") and Adam Joel Oberlander ("AJO") and amend their Answers to Plaintiff's Amended Complaint (the "Amended Complaint"), including, in particular, their Cross-Claims, as follows:

2ND AMENDED ANSWER TO AMENDED COMPLAINT CROSS-CLAIM AGAINST GROSSMAN AND PASTEL: CASE NO. 1:18-CV-00409-AMD-VMS - 1

PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

## I. NATURE OF THE ACTION

1. Joober and AJO are named Defendants in the above captioned action. Joober and AJO have entered into a settlement with Plaintiff, and, as a result, all of Plaintiff's claims against Joober and AJO have been dismissed with prejudice, and all of Joober and AJO's counter-claims against Plaintiff have been dismissed with prejudice. Upon detailed review of records pursuant to the settlement, it has become clear that another Moses Grossman ("Grossman") controlled entity was involved in the sale of Dominion Second Edition games to Joober, namely Pastel Companies, Inc. Accordingly, on December 6, 2018, Plaintiff filed a Second Amended Complaint in this action to also name Pastel Companies, Inc. as a Defendant. Given the settlement between Plaintiff and Joober and AJO, Joober and AJO are not named in the Second Amended Complaint, as there are no longer any extant claims against them. Nonetheless, in order to amend their prior cross-claims and add cross claims to new Defendant Pastel Companies, Inc., Joober and AJO now amend herein their answers and counterclaims to Plaintiff's earlier filed <u>Amended Complaint</u> (*not* the December 6, 2018 Second Amended Complaint), and, in particular, Joober and AJO's cross-claims against Moses Grossman and all three of his controlled entities. Defendants Joober and AJO also note that the Second Amended Complaint is essentially identical to the Amended Complaint, except for the addition of Pastel Companies, Inc. as a Defendant, and the removal of Joober and AJO as defendants. The paragraph numbers referred to herein still refer to paragraphs of the <u>Amended Complaint</u> (DKT. 40, *not* the December 6, 2018 *Second* Amended Complaint).

## II. PARTIES

2. Admit Paragraph 2.

3. Admit Paragraph 3.

4. Admit Paragraph 4.

5. Admit Paragraph 5.

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 2

PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

6. Admit Paragraph 6. On information and belief Moses Grossman also directed any counterfeiting activities of newly added Defendant Pastel Companies, Inc.

7. Admit Paragraph 7.

8. Joober and AJO each admit that AJO is a resident of New York and an officer of Joober, but deny the remainder of Paragraph 8.

9. Admit Paragraph 9.

10. Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and therefore deny same.

### III. JURISDICTION AND VENUE

11. Admit Paragraph 11.

12. Admit Paragraph 12.

13. Joober and AJO each admit that Joober maintained an Amazon store which offered for sale the Dominion Second Edition game. Remainder of Paragraph 13 is denied.

### IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

#### The Dominion Game

14. Admit Paragraph 14.

15. Admit Paragraph 15.

16. Admit Paragraph 16.

17. Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17, and therefore deny same.

18. Joober and AJO admit first sentence of Paragraph 18. Note that Dominion Second Edition regularly sells at prices below the MSRP.

19. Admit Paragraph 19.

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 3
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

**Defendants' Infringing Acts**

20. At this time, Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and therefore deny same.

21. At this time, Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, and therefore deny same

22. At this time, Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and therefore deny same.

23. At this time, Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and therefore deny same.

24. At this time, Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and therefore deny same.

25. Admit that Defendants Grossman, Pastel Enterprises, LLC, Pastel Companies, Inc. and China Assured, LLC supplied the Dominion Second Edition games provided by Joober and AJO to Amazon.com. Defendants Grossman, Pastel Enterprises, LLC, Pastel Companies, Inc. and China Assured, LLC were Joober and AJO's sole source of all Dominion Second Edition games.

26. Admit Paragraph 26, to the extent of any and all counterfeit games sold.

### V. **COUNT I**

27. Joober and AJO each repeat and reincorporate their responses to Paragraphs 1-26 as if fully set forth herein

28. Admit Paragraph 28, to the extent of any and all counterfeit games sold.

2ND AMENDED ANSWER TO AMENDED COMPLAINT CROSS-CLAIM AGAINST GROSSMAN AND PASTEL: CASE NO. 1:18-CV-00409-AMD-VMS - 4

PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

29. Deny as to deliberateness of Joober and AJO, otherwise admit Paragraph 29, to the extent of any and all counterfeit games sold.

30. Deny as to willfulness of Joober and AJO, otherwise admit Paragraph 30, to the extent of any and all counterfeit games sold.

31. Admit Paragraph 31, to the extent of any and all counterfeit games sold.

32. Deny Paragraph 32 due to lack of knowledge.

33. Admit Paragraph 33, to the extent of any and all counterfeit games sold.

## VI. COUNT II

### Violation of Section 42(a) of the Lanham Act – Unfair Competition

34. Joober and AJO each repeat and reincorporate their responses to Paragraphs 1-33 as if fully set forth herein.

35. Admit, to the extent of any and all counterfeit games sold.

36. Admit, to the extent of any and all counterfeit games sold.

37. Deny as to willfulness of Joober and AJO, otherwise admit Paragraph 37, to the extent of any and all counterfeit games sold.

38. Deny Paragraph 38 due to lack of knowledge.

39. Admit, to the extent of any and all counterfeit games sold.

## VII. COUNT III

### Violation of Section 1114 of the Lanham Act – Trademark Counterfeiting

41. Joober and AJO each repeat and reincorporate their responses to Paragraphs 1-40 as if fully set forth herein.

42. Joober and AJO admit that in the records of the United States Patent and Trademark Office there are two registrations for the trademark "DOMINION." Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 42, and therefore deny same.

43. Denied as to Joober and AJO only.

2ND AMENDED ANSWER TO AMENDED COMPLAINT CROSS-CLAIM AGAINST GROSSMAN AND PASTEL: CASE NO. 1:18-CV-00409-AMD-VMS - 5

PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

| | |
|---|---|
|1| 44. Denied as to Joober and AJO only.|
|2| 45. Denied as to Joober and AJO only.|
|3| 46. Denied as to Joober and AJO only.|
|4| 47. Admit, to the extent of any and all counterfeit games sold.|
|5| 48. Denied as to Joober and AJO only.|
|6| 49. Admit, to the extent of any and all counterfeit games sold.|

## VIII. COUNT IV

**Deceptive Acts and Practices Under New York General Business Law §§ 349 *and* 350**

50. Joober and AJO each repeat and reincorporate their responses to Paragraphs 1-49 as if fully set forth herein

51. Joober and AJO each admit that the language of NY General Business Law § 349 speaks for itself, and need not be selectively quoted.

52. Joober and AJO each admit that the language of NY General Business Law § 350 speaks for itself, and need not be selectively quoted.

53. Admit.

54. Admit.

55. Joober and AJO each lack the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55, and therefore deny same.

56. Denied as to Joober and AJO only.

57. Denied as to Joober and AJO only.

58. Denied as to Joober and AJO only.

59. Denied as to Joober and AJO only.

60. Denied due to lack of knowledge.

61. Admit, to the extent of any and all counterfeit games sold.

2ND AMENDED ANSWER TO AMENDED COMPLAINT CROSS-CLAIM AGAINST GROSSMAN AND PASTEL: CASE NO. 1:18-CV-00409-AMD-VMS - 6

PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

## IX. COUNT V

### Trademark Infringement and Unfair Competition Under

### New York State Common Law

62. Joober and AJO each repeat and reincorporate their responses to Paragraphs 1-61 as if fully set forth herein.

63. Admit.

64. Admit.

65. Denied due to lack of knowledge.

66. Denied as to Joober and AJO only.

67. Denied as to Joober and AJO only.

68. Denied as to Joober and AJO only.

69. Denied as to Joober and AJO only.

70. Denied as to Joober and AJO only.

71. Denied due to lack of knowledge.

72. Admit, to the extent of any and all counterfeit games sold.

## X. COUNT VI

### Federal Copyright Infringement

73. Joober and AJO each repeat and reincorporate their responses to Paragraphs 1-72 as if fully set forth herein.

74. Admit.

75. Joober and AJO each admit that Joober sold versions of Dominion Second Edition game on the Ttooll Amazon store.

76. Denied as to Joober and AJO only.

77. Denied as to Joober and AJO only.

78. Denied as to Joober and AJO only.

79. Denied as to Joober and AJO only.

2ND AMENDED ANSWER TO AMENDED COMPLAINT CROSS-CLAIM AGAINST GROSSMAN AND PASTEL: CASE NO. 1:18-CV-00409-AMD-VMS - 7

PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

80. Denied due to lack of knowledge.

81. Admit, to the extent of any and all counterfeit games sold.

## XI. CROSS-CLAIMS AGAINST DEFENDANTS MOSES GROSSMAN, PASTEL ENTERPRISES, LLC, CHINA ASSURED, LLC, AND PASTEL COMPANIES, INC.

### A. CROSS-CLAIM FACTS

82. At all times relevant to this action, AJO was a manager of Joober. At all times relevant hereto, Joober was a Marketplace Seller on Amazon.com ("Amazon"), initially operating the store known as "Ttooll", until January 9, 2018, when Joober received an email from Amazon to Ttooll@Ttooll.com notifying it that its account was suspended "because of rights owner complaints about items that may be inauthentic." Following the settlement of all claims herein between Plaintiff, Joober and AJO, Ttooll was only just reopened by Amazon, on December 7, 2018. The email from Amazon notifying Ttooll of the suspension is attached hereto as **Exhibit A**.

83. Sometime shortly before August 2, 2017, Joober responded to an offer from a representative (commissioned salesman) of Defendant Pastel Enterprises, LLC ("Pastel Enterprises"), and ordered various board games. Included in the order was 1008 units of Dominion 2nd Edition ("Dominion2"). On or about August 2, 2017, Joober received an invoice from Pastel Enterprises for $31,772.16 for the three board games ordered, including the 1008 units of Dominion2. The invoice also bore the name of Defendant "Pastel Companies, Inc." ("Pastel Companies). In fact, on the upper left of the invoice appears the name "Pastel Enterprises" but on the upper right of the invoice, and on the lower left of the invoice, under "Bank Wire Info:" appears the name "Pastel Companies, Inc." On or about August 3, 2017, Joober paid for the games by wire transfer to Pastel Enterprises. According to the terms of the purchase, delivery was to be in six to eight weeks from the payment date. A true and correct copy of the invoice and wire transfer are provided in **Exhibit B**.

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 8
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

84. Upon information and belief, Pastel Enterprises and Pastel Companies, Inc., at all times relevant hereto, were owned and controlled by Defendant Moses Grossman ("Grossman"). Upon information and belief, the various entities owned and controlled by Grossman obtain surplus or overstock unsold board games through a charity in which Grossman also exerts control, for which donors of the games obtain tax deductions for charitable contributions. It is Grossman's representation that because the Grossman charity obtains these games from legitimate sellers, as odd lots, surplus and close outs, in return for which it can offer a charitable contribution, the games Grossman deals in are legitimate original copies, obtained from both manufacturers and resellers of the games. The charity is named "SPCC", which stands for "Save Penina's Children Charity." SPCC was founded and continues to be operated by Moses Grossman's girlfriend, Pearl Reich. Information regarding SPCC is found at their webpage, as the following URL: https://www.spccfoundation.com/about.

85. To substantiate this story, on or about October 24, 2017, Grossman sent to AJO an "original invoice" purportedly showing that Plaintiff Rio Grande Games sold Pastel Enterprises 36 pieces of Dominion2 at a 50% discount, or a price of $22.47 each. The invoice, together with Grossman's email with which the invoice was enclosed, is from Grossman at "Pastel Enterprises, Inc." but using the same address as Pastel Enterprises, LLC (216 River Road, Lakewood, NJ 08701). A true and correct copy of the invoice from Plaintiff to Pastel Enterprises, and the cover email from Moses Grossman to Adam J. Oberlander (whose email address is "jj@joober.com") are provided in **Exhibit B1**.

86. In fact, with the exception of some emails regarding late shipments, form a "Paolo Neri" at Grossman's China Assured entity, all of the email and verbal communications between Pastel Enterprises or Pastel Companies, was from Grossman. Grossman was in charge of the entire operation, and clearly the decision maker at every Grossman controlled company.

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 9
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

87. Sometime shortly before September 8, 2017, Joober again responded to an offer from the broker representing Pastel Enterprises and ordered two other board games (not Dominion2), for a total of 2,508 units in total. On or about September 8, 2017, Joober received an invoice from Pastel Enterprises for the two additional board games, and on September 11, 2017, Joober paid for those by wire transfer to Pastel Enterprises. According to the terms of the purchase, delivery was to be in six to eight weeks from the payment date.

88. During October and November of 2017, Joober had multiple communications with Grossman and Paolo Neri, of China Assured, regarding delays in the delivery of both the orders that had been placed and paid for by Joober in August and September 2017, for the games. As a result of numerous complaints by Joober regarding delivery delays, Grossman agreed to ship a greater number of Dominion2 games than were actually ordered by Joober, in place of other titles the delivery of which he could not then fulfill. Moreover, on or about November 17, 2017, Grossman, via Pastel Enterprises, sent Joober two boxes of samples of different games, including samples of the games that had been ordered in August and September of 2017. A true and correct copy of an email dated November 16, 2017 form Grossman to AJO is provided in **Exhibit B2**.

89. Sometime in November of 2017, a shipment of 1820 units of Dominion2 was shipped to Amazon, by Grossman and Pastel Enterprises, from a California warehouse in Whittier, California. Upon information and belief, the shipment was made to an Amazon warehouse in Moreno Valley, California. Grossman explained to Joober that he was shipping 1,820 pieces of Dominion2, even though Joober had only ordered 1,008 pieces (see the original invoice provided in Exhibit B), because he was shipping lesser numbers of some of the other games that were actually ordered by Joober (in August and September).

90. It was thus believed by Joober and AJO that games that Grossman and his controlled companies resold, that were sourced domestically, are original copies that Grossman

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 10
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

and his companies obtain through domestic sources, including the charity that Grossman controls.

91. On or about December 6, 2017, Grossman and Pastel Enterprises shipped an additional 56 pieces of Dominion2 to the same Amazon warehouse in Moreno Valley, California, making a total of 1,876 pieces of Dominion2 shipped to Amazon for fulfillment by Amazon of sales to be made by Ttooll.

92. On January 9, 2018, Joober received the email from Amazon provided in Exhibit A hereto. Following the receipt, and the naming in the email (from Amazon) of Plaintiff's counsel Jeffrey Norberg as the contact for rights holder RGG, on or about January 10, 2018, AJO contacted Mr. Norberg.in an attempt to clear this matter up.

93. On or about January 10, 2018, AJO provided information to Mr. Norberg regarding the supplier of the Dominion Second Edition games that were sold on the "Ttooll" Amazon store. AJO and Mr. Norberg further exchanged several emails, where AJO disclosed information that Mr. Norberg requested. **Exhibits C through H** are email communications between AJO, on behalf of Joober, and Mr. Norberg from January 10, 2018. Exhibit G is the attachment that AJO sent with the email shown in Exhibit F.

94. Ttooll's primary business is branding, designing and developing products for sale, and on its Amazon Marketplace store focuses on exclusive brands, including gardening supplies and household goods, but not board games. Its business in reselling games, such as Dominion2, was less than 2% of its overall sales in 2017.

95. Nonetheless, in what appears to be an abnormal and draconian result of Joober delivering the Pastel Enterprises/Pastel Companies/Grossman sourced Dominion2 games to Amazon, by Grossman and Pastel Enterprises shipping those games from the warehouse in Whittier, California to the Amazon warehouse in Moreno Valley, California, and some of those games being sold, Ttooll's entire Amazon Marketplace store was closed in January of 2018,

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 11
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

and remained closed until December 7, 2018, resulting in the complete loss of what was a significant and quickly growing business.

96. At all times relevant to this action, Grossman controlled the activities of the entities China Assured, LLC, Pastel Enterprises, LLC and Pastel Companies, Inc. (collectively the "Grossman Entities"). Attached hereto as **Exhibit I** is an exemplary email chain between Grossman and AJO illustrating this. There are many more such email chains between the same parties.

97. At all times relevant to this action, Grossman, the Grossman Entities, and their sales representative who approached Joober and AJO, were aware that Joober operated a very successful Amazon Marketplace Seller store, which did not focus on board games, but rather garden supplies.

98. At all times relevant to this action, Grossman, the Grossman Entities, and their sales representative who approached Joober and AJO, were aware that, as a result of its success on Amazon, Joober had no interest in dealing with any counterfeit goods. In fact, as noted above, Grossman, the Grossman Entities, and their sales representative, each represented to Joober and AJO that the games it was offering were from closeouts, surpluses, and the like, in many cases obtained by Grossman and Pastel Enterprises via the charity run by Grossman, which is what allowed Grossman and Pastel Enterprises to offer very competitive prices.

99. At all times relevant to this action, Grossman, the Grossman Entities, and their representative who approached Joober and AJO, were aware that AJO and Joober believed the games it had ordered were original copies, were fit for resale on the Ttooll Amazon store, and were fully merchantable, free of any claims of copyright infringement, trademark infringement, counterfeit, or the like.

100. Grossman, the Grossman Entities, and their representative who approached Joober and AJO, to the extent that they did sell and ship to Joober counterfeit games,

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 12
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

intentionally misled and defrauded AJO and Joober, causing them significant liability and potential problems, including shutdown, of the Ttooll Amazon store.

101. Grossman and Pastel Enterprises, and their representative who approached Joober and AJO, to the extent that they did sell Joober counterfeit games, breached the contract of sale entered into with Joober for the Dominion2 games, breached a warranty of merchantability as regards the games, and further breached a warranty of fitness for a particular purpose as regards the games, knowing full well that only original Dominion2 (and all other) games were merchantable on the Ttooll Amazon store.

102. In fact, Joober and AJO only became involved with the games that they purchased from Grossman and Pastel Enterprises as an act of charity, to help the sales representative of Pastel, a commissioned salesman known personally to AJO, and who had overcome life-changing personal and familial difficulties. This was the first time that Joober and AJO ever became involved in any business dealings with Grossman or the Grossman Entities.

103. As a result of their dealings with Grossman and the Grossman entities, including relying on Grossman's representations that he sourced his games from original manufacturers or authorized resellers, that his beneficial prices were the result of his using the SPCC charity run by his girlfriend to obtain beneficial pricing, purchasing the 1,820 units of Dominion2 from Pastel Enterprises and Pastel Companies, having them delivered (by Grossman Entities) to Amazon, and selling the games through Joober's Ttooll Amazon store, AJO and Joober have been significantly damaged financially. The payment from Joober to Pastel Enterprises/Pastel Companies of $31,772.16 was lost, a settlement amount significantly in excess of all profits earned on the sale of the Dominion2 games by the Ttooll store was paid to Plaintiffs by Joober and AJO, and Joober lost all of its profits from what was a burgeoning Amazon seller business from January 8, 2018 through December 7, 2018. Ttooll,

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 13
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

starting over, has not seen significant business activity since re-opening. It may never regain its customer base.

104. As a result, AJO and Ttooll assert the following claims and causes of action against Grossman and the Grossman Entities:

**B. CROSS-CLAIM CAUSES OF ACTION**

105. Conversion.

106. Fraud.

107. Tortious Interference with a Business Expectancy.

108. Tortious Interference with a Contract.

109. Breach of Sales Contract.

110. Breach of Quasi Contract for sales.

111. Breach of Warranty of Merchantability (that games were original Dominion Second Edition games, free of encumbrance, taint or liability, which could be sold for a significant profit to the public).

112. Breach of Warranty of Fitness for a Particular Purpose (the purpose of sale to consumers of an original, actual, bona fide game, such that a profit could be earned).

113. Promissory Estoppel.

114. Violation of Section 1114 of the Lanham Act – Trademark Counterfeiting.

115. Deceptive Acts and Practices Under New York General Business Law §§ 349 and 350.

116. Larceny by Trick.

117. Such other related, included or ancillary claims as may be proven at trial.

/ / / / / /

/ / / / / /

/ / / / / /

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 14
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

## XII. PRAYER FOR RELIEF

A. Find that Cross-claim Defendants Grossman, Pastel Enterprises, LLC, China Assured, LLC and Pastel Companies, Inc., jointly and severally, violated one or more of Sections 32(1), 43(a), 43(c), and 1114 of the Lanham Act, 15 U.S.C. §1051 *et seq.*;

B. Find that Cross-claim Defendants Grossman, Pastel Enterprises, LLC, China Assured, LLC and Pastel Companies, Inc., jointly and severally, committed willful acts of deceptive acts and practices in violation of Sections 349 and 350 of the New York General Business Law;

C. Find that Cross-claim Defendants Grossman, Pastel Enterprises, LLC, China Assured, LLC and Pastel Companies, Inc., are jointly and severally liable for acts of trademark infringement and unfair competition in violation of New York State common law;

D. Find Cross-claim Defendants Grossman, Pastel Enterprises, LLC, China Assured, LLC and Pastel Companies, Inc., jointly and severally, are liable for willful copyright infringement under 17 U.S.C. § 501 et seq. and award all available relief under the Copyright Act;

E. Order an award to Cross-claimants Joober and AJO of all pre-judgment and post-judgment interest to the extent allowed by law;

F. Award Cross-claimants Joober and AJO all of their costs, disbursements, and reasonable attorneys' fees expended in defending this action and settling claims of Plaintiff against them;

G. That Joober and AJO be awarded compensatory damages, lost profits and attorney's fees and expenses, in an amount to be proven at trial, against Cross-claim

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 15

PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

Defendants Grossman, Pastel Enterprises, LLC, China Assured, LLC and Pastel Companies, Inc., jointly and severally, for: Conversion, Fraud, Breach of Sales Contract, Tortious Interference With a Business Expectancy, Tortious Interference with a Contract, Breach of Quasi Contract and/or Promissory Estoppel, Breach of Warranty of Merchantability (that games were original Dominion Second Edition games, free of encumbrance, taint or liability, that could be sold for a significant profit to the public), Breach of Warranty of Fitness for a Particular Purpose (the purpose of sale to consumers of an original, actual, bona fide game, such that a profit could be earned), Promissory Estoppel, Violation of Section 1114 of the Lanham Act – Trademark Counterfeiting, Deceptive Acts and Practices Under New York General Business Law §§ 349 and 350, and Larceny by Trick.

H. Award Cross-claimants Joober and AJO punitive damages where appropriate, in amount to be proven at trial.

I. Award Cross-claimants Joober and AJO other such relief, in law or in equity, as this Court deems appropriate

Dated: December 21, 2018

Respectfully submitted,

**SCHWABE, WILLIAMSON & WYATT, P.C.**

By: /s/ Aaron S. Haleva
Aaron S. Haleva, NYBA # 2094720
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Email: ahaleva@schwabe.com
*Attorney for Joober Incorporated and Adam Joel Oberlander*

2ND AMENDED ANSWER TO AMENDED COMPLAINT
CROSS-CLAIM AGAINST GROSSMAN AND PASTEL:
CASE NO. 1:18-CV-00409-AMD-VMS - 16
PDX\133245\240619\ASH\24516700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, I electronically filed the foregoing with the Eastern District Court of New York by using the CM/ECF system and served in accordance with the Federal Rules of Civil Procedure and Easter District Local Rules.

| | |
|---|---|
| Kelly J. Garrone<br>Irene Mary Hurtado<br>McCarter & English, LLP<br>Worldwide Plaza<br>825 Eighth Avenue, 31st Floor<br>New York, New York 10019<br>212.609.6800<br>Email: kgarrone@mccarter.com<br>ihurtado@mccarter.com | Jeffrey T. Norberg<br>Neal & McDevitt, LLC<br>1776 Ash Street<br>Northfield, IL, 60093<br>jnorberg@nealmcdevitt.com |

/s/ Aaron S. Haleva
Aaron S. Haleva, NYBA # 2094720

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\133245\240619\ASH\24516700.1