

Intellectual Property & Marketing Attorneys
1776 Ash Street, Northfield, Illinois 60093
Phone 847.441.9100 | Fax 847.441.0911
www.nealmcdevitt.com

Jeffrey T. Norberg, Esq.
Direct Dial: 847.881.2468
jnorberg@nealmcdevitt.com

July 16, 2019

**VIA ELECTRONIC FILING**
Hon. Vera M. Scanlon
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Courtroom 13A-South Wing
Brooklyn, NY 11201

RE:   **Rio Grande Games v. Pastel Enterprises, et al.**
      **Case No. 1:18-cv-00409-AMD-VMS**

Dear Judge Scanlon:

I write in response to Avrom Vann's letter to the Court of today's date (Dkt. No. 85). Mr. Vann's letter argues that the joint motion for alternative service, Dkt. No. 82, contains inaccurate facts regarding his representation of Defendant Moses Grossman in this action. It does not.

While Mr. Vann is correct that he has never filed a formal appearance in this action and does not appear as Mr. Grossman's attorney of record in the ECF system, as of the time of the motion for alternative service Mr. Grossman had twice sent letters to the Court as counsel for Defendant Moses Grossman. On February 8, 2018, Mr. Vann sent a letter to this Court "on behalf of Defendant Moses Grossman" in which Mr. Vann argued Mr. Grossman's position with respect to Plaintiff's application for a temporary restraining order, and provided Grossman's version of certain facts to the Court. Dkt. No. 21. On March 14, 2018, Mr. Vann once again wrote in a letter to the Court "I represent Moses Grossman, a named Defendant in this lawsuit," and explained Mr. Grossman's position with respect to the Plaintiff's application for a preliminary injunction. Despite his failure to file a formal appearance, Mr. Vann's own statements to the Court demonstrate that he represents Mr. Grossman in connection with this action.

More importantly to the issue of alternative service, which has already been decided by the Court, Mr. Vann's July 16 letter does not claim that he no longer represents Mr. Grossman, just that he does has not formally appeared in the action. The question before the Court on a motion for alternative service is whether the proposed means of service is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Elsevier, Inc. v. Siew Yee Chew*, 287 F.Supp.3d 374, 379 (S.D.N.Y. 2018) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Given that Mr. Vann has continued to represent Mr. Grossman

Hon. Vera M. Scanlon
July 16, 2019
Page 2

throughout the litigation, service upon Mr. Vann, which Mr. Vann confirmed in his July 16 letter, is highly likely to apprise Mr. Grossman, and Mr. Grossman's companies, of the claims and cross-claims against him.

                                                    Sincerely,

                                                    /s/ Jeffrey T. Norberg
                                                    Counsel for Plaintiff

cc:      Avrom Vann (via e-mail)